## James Burt et al. versus William Nichols.

In an action on a book account, the defendant introduced a witness, who testified, that upon the sale of a horse by the witness to the plaintiffs, it was agreed between them that a portion of the price should be applied in part payment of this account, and that the defendant should pay the amount of such portion to the witness ; and that the defendant did pay this amount to the witness, in pursuance of the agreement. It was *held*, that the witness was competent; for the verdict, whether for the plaintiffs or for the defendant, could not be given in evidence for or against the witness, and the witness would in no event be liable for the costs of this action, it not appearing that he had ever been called upon by the plaintiffs to account

THIS was an action to recover the amount of a book account.

At the trial in the Court of Common Pleas, before *Strong* J., the defendant offered as a witness, George Nichols, who testified, that upon the sale of a horse to the

plaintiffs, by the witness, it was agreed between them, that $20·46, part of the price, should be applied in part payment of this account, and that the defendant should accordingly pay that sum to the witness ; and that the defendant did pay such sum to the witness, in pursuance of the agreement. The plaintiffs objected to the admission of the witness, on the ground of interest.

The plaintiff offered evidence to prove that it was stipulated, at the time of the sale of the horse, that the sum of $20·46 should be applied in payment of a debt due from one Kelton to the plaintiffs, the defendant and George Nichols having previously agreed to pay such debt.

The jury were instructed, that George Nichols was a competent witness, and that the objection of the plaintiffs to his admission went to his credit only. The jury returned a verdict for the defendant. The plaintiffs excepted.

*Robinson*, for the plaintiffs, as to the incompetency of the witness, cited *Emerton* v. *Andrews*, 4 Mass. R. 653; 2 Stark. on Evid. 745.

*Sept 16th.*

*Sumner*, for the defendant, cited *Miles* v. *O'Hara*, 1 Serg. & R. 32; *Gifford* v. *Coffin*, 5 Pick. 447; 2 Stark. on Evid. 744, 745; *Birt* v. *Kershaw*, 2 East, 458.

WILDE J. delivered the opinion of the Court. It seems to us quite clear, that the evidence objected to by the plaintiffs' counsel was rightly admitted, as the witness stood indifferent between the parties, and the verdict, whether for the plaintiffs or the defendant, could not be given in evidence for or against the witness.

*Sept. 17th.*

The witness admits he received from the defendant the sum of $20·46 for the plaintiffs, and it is indifferent to him whether he is liable therefor to the one party or the other. And in no event can he be liable for the costs of this suit. For suppose the plaintiffs had recovered, the witness would not have been liable to the defendant for such cost. There was no agreement to indemnify the defendant in any event. The agreement as to the payment to the witness, was made between him and the plaintiffs, and it does not appear that the witness has ever been called upon by the plaintiffs to account. The witness, therefore, as it appears

Burt
v.
Nichols.

by the evidence, has been in no fault, and cannot be liable for the costs of this suit. This case then is not open to the doubt which has been raised in some of the cases, where the witness would be liable for costs to one party and not to the other.

It is quite clear, also, that if the plaintiffs had recovered, the verdict could not be given in evidence in an action against the witness in favor of the defendant. The verdict would not show whether the witness had accounted with the plaintiffs for the money received by him, or not. It would therefore be *res inter alios acta*, and not competent evidence.

*Judgment of the Court of Common Pleas affirmed.*